WALLACE, Judge.
Jose Escobedo challenges the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the fifteen-year mandatory minimum term included in his thirty-year prison sentence and remand for the trial court to strike the mandatory minimum term.
Escobedo was charged by information for drug trafficking offenses committed in November 1998. Count one alleged trafficking in more than 400 grams of cocaine. Count two alleged conspiracy to traffic in cocaine by selling or delivering “more than 28 grams of cocaine or any mixture containing cocaine.” On May 27, 1999, a jury found Escobedo not guilty of count one and guilty of count two. He was sentenced to thirty years in prison under the Criminal Punishment Code, including a fifteen-year mandatory minimum term under the drug trafficking statute. In his rule 3.800(a) motion, Escobedo claimed that his sentence was illegal because the jury never found him guilty of conspiracy to traffic in a specific quantity of cocaine. After reviewing the record, we agree.
The jury found Escobedo guilty of violating section 893.135(5), Florida *866 Statutes (1997). This section provides in part that “[a]ny person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) commits a felony of the first degree and is punishable as if he or she had actually committed such prohibited act.” When the jury found Escobedo guilty of conspiracy to traffic in cocaine, he was then punishable as if he had actually committed the offense of trafficking in cocaine. At sentencing, the trial court sentenced Escobedo as if he had actually committed the offense of trafficking in cocaine of 400 grams or more, which is punishable by a mandatory minimum of fifteen years in prison. § 893.135(l)(b)(l)(c). However, the jury found Escobedo guilty of count two “as charged.” Count two charged Es-cobedo with conspiracy to traffic in cocaine by selling or delivering “more than 28 grams.” This offense is a first-degree felony punishable according to the Criminal Punishment Code. § 893.135(l)(b)(l)(a), Fla. Stat. (1997) (as amended by chapter 97-194, section 23, at 3709-10, Laws of Florida). Escobedo cannot be punished as if he had trafficked in more than 400 grams of cocaine when the jury did not find him guilty of conspiring to traffic in that amount. “Imposition of a mandatory minimum sentence under section 893.135 is improper when a jury does not determine the specific quantity of cocaine involved.” State v. Estevez, 753 So.2d 1, 4 (Fla.1999).
Because the jury did not find Escobedo guilty of conspiracy to traffic in a specific quantity of cocaine, the mandatory minimum term he received was improper. However, this impropriety does not disturb the remainder of his sentence. We therefore affirm the trial court’s denial of Escobedo’s rule 3.800(a) motion to the extent he challenged his thirty-year sentence under the Criminal Punishment Code for conspiracy to traffic in cocaine. We reverse in part and remand to the trial court only to strike the mandatory minimum term. Escobedo need not be present for this correction of sentence. See Trumbower v. State, 849 So.2d 1183, 2003 WL 21697326 (Fla. 2d DCA July 23, 2003) (directing that the defendant did not need to be present for resentencing when the only change required on remand was to remove a three-year mandatory minimum term that had been included in a ten-year sentence).
Affirmed in part; reversed in part; and remanded.
NORTHCUTT and CANADY, JJ., concur.